UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARON BROWN, SUSAN HUNTER-COLE,
PAULETTE FIELDS, JAMES MADDOX and
DONNA MATHIS,

                          Plaintiffs,

          v.                                    **DECISION AND ORDER**
                                                03-CV-295S
THE COMMUNITY ACTION ORGANIZATION, INC.,
THE BOARD OF DIRECTORS OF THE COMMUNITY
ACTION ORGANIZATION, INC., MAURICE GARDNER,
*as a Board Member*, NETTIE ANDERSON,
*as Acting Chief Executive Officer*,
ELLEN O'CALLAGHAN-SHELDON,
*as Head Start Administrator*,

_____ Defendants.

## I.  INTRODUCTION

          In this action, Plaintiffs allege that they were terminated from Defendants' employ

in violation of (1) their constitutional rights, protected by 42 U.S.C. § 1983; and (2) the

Hatch Act, 5 U.S.C. § 1501, et seq.  Presently before this Court is Defendants' Motion for

Summary Judgment and request for attorney fees.[1]  For the following reasons, Defendants'

motion is granted, and Plaintiffs' counsel is ordered to pay Defendants' reasonable

attorney fees attributable to their defense of the Hatch Act claim.

## II.  BACKGROUND

**A.     Facts**

          The Community Action Organization ("CAO") is a not-for-profit, private corporation

---

[1]In support of their motion, Defendants filed a memorandum of law, a Rule 56 Statement of
Undisputed Facts, and the Declaration of Kathleen M. Sellers, Esq., with attached exhibits.  In opposition,
Plaintiffs filed an amended memorandum of law, a Rule 56 Statement of Disputed Facts, and the
Affirmation of James P. Davis, Esq., with attached exhibits.

that provides a variety of services to low income residents of Erie County.  (Defendants' Statement,[2] ¶ 1.)   The CAO is not a government body or agency, although it receives government funding.  (Defendants' Statement, ¶ 1.)

Plaintiff Sharon Brown was terminated from her position with CAO in August of 2001.  The other plaintiffs, Susan Hunter-Cole, Paulette Fields, James Maddox, and Donna Mathis, were terminated from their respective positions at the CAO in April of 2002. (Defendants' Statement, ¶ 2.)  Approximately 32 other employees were also terminated in April of 2002 due to fiscal problems in the CAO.  (Defendants' Statement, ¶ 2.)  None of the Plaintiffs had an employment contract with the CAO.[3] (Defendants' Statement, ¶ 3.)

**B.      Procedural History**

Plaintiffs commenced this action on April 9, 2003, by filing a Complaint in the Western District of New York.  On September 30, 2004, Defendant filed a Motion for Summary Judgment.  After briefing, this Court heard oral argument on December 3, 2004, and reserved decision at that time.

### III.  DISCUSSION AND ANALYSIS

**A.      Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could

---

[2]Referring to Defendants' Rule 56 Statement of Undisputed Facts.

[3]This is the full extent of the facts provided by the parties.

return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law." Id.

"Only when reasonable minds could not differ as to the import of evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Summary Judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party." Yurman Design, Inc. v. Golden Treasure Imps., Inc., 275 F.Supp.2d 506, 508 (S.D.N.Y. 2003).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution."  Gallo v. Prudential Residential Servs., Ltd. P'Ship, 22 F.3d 1219, 1224 (2d Cir. 1994).  In other words, the function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.

## B.    Defendants' Motion for Summary Judgment

### 1.    42 U.S.C. § 1983 Claim

Defendants argue that they are entitled to summary judgment on Plaintiffs' § 1983 claim because they are not state actors and Plaintiffs do not have a constitutionally-protected interest in their at-will employment with the CAO.  In response, Plaintiffs argue

that the CAO should be considered a state actor because it receives government funding and it engaged in a conspiracy with government officials to terminate their employment.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

Civil liability is imposed under §1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983. On its own, §1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. See Graham v. Connor, 490 U.S. 386, 393-94,109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)).

The fundamental purpose of §1983 is "to provide compensatory relief to those deprived of their federal rights by state actors." Kia P. v. McIntyre, 235 F.3d 749, 755 (2d Cir. 2000) (quoting Felder v. Casey, 487 U.S. 131, 141, 108 S. Ct. 2302, 2308, 101 L. Ed. 2d 123 (1988)). Accordingly, a court assessing the viability of a § 1983 claim must first determine whether the actions alleged were committed under color of state law. Carlos v. Santos, 123 F.3d 61, 65 (2d Cir. 1997). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996) (quoting

West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988)).

It is only under rare circumstances that a private entity may be considered a "state actor" for purposes of § 1983.   Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private action is considered "state action" if and only if, there is such a "close nexus between the State and the challenged action that seemingly private behavior 'may be fairly treated as that of the State itself.'"   Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 930, 148 L. Ed 2d 807 (2001) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 447 (1974)).  "From the range of circumstances that could point toward the State behind an individual face," however, "no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government."  Brentwood, 531 U.S. at 295-96.

Numerous Supreme Court cases have identified the "host of facts that can bear on the fairness of such an attribution."  Brentwood, 531 U.S. at 296.  For example, when the challenged activity results from the State's exercise of "coercive power," Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S. Ct. 2777, 2786, 73 L. Ed. 2d 534 (1982), or when a nominally private entity is "entwined with governmental policies," or when government is "entwined in [its] management or control," Evans v. Newton, 382 U.S. 296, 299, 301, 86 S. Ct. 486, 489, 15 L. Ed. 2d 373 (1966), state action may be found.

This Court finds that Defendants are entitled to summary judgment on Plaintiffs' § 1983 claim.  First, as Plaintiffs' counsel conceded at oral argument, the CAO's receipt of government funding, in and of itself, does not render it a state actor for §1983 purpose. See Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418

(1982) (receipt of public funds did not make private school a state actor); <u>United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO</u>, 156 F.3d 354, 360 (2d Cir. 1998) (receipt of government funding insufficient to establish state action); <u>Clissuras v. Teachers' Ret. Sys. of New York</u>, 02 Civ. 8130, 02 Civ. 8138, 2003 WL 1701992, at *3 (S.D.N.Y. Mar. 28, 2003) ("Receipt of public funds or information from state authorities will not convert a private actor into a state actor.  Neither government funding nor regulation, however extensive, is sufficient to confer section 1983 liability on private actors.").

Second, a party opposing summary judgment must produce evidence establishing the existence of a factual dispute that a reasonable fact-finder could resolve in its favor. <u>See</u> <u>Fibermark, Inc. v. Brownville Speciality Paper Prods., Inc.</u>, No. 7:02-CV-517, 2005 WL 1173562, at *2 (N.D.N.Y. May 11, 2005) (citing <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  Plaintiff has come forward with absolutely no evidence from which a reasonable trier of fact could find that a conspiracy existed between the CAO and government officials such that the CAO could be considered a state actor for purposes of §1983.  <u>See</u> FED. R. CIV. P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial").  Plaintiffs' allegation of the existence of a conspiracy is pure speculation; literally no evidence of a conspiracy has been presented.  <u>See</u> <u>Rexnord Holdings, Inc. v. Bidermann</u>, 21 F.3d 522, 525-26 (2d Cir. 1994) ("mere allegations or denials" not enough to defeat summary judgment); <u>Scotto v. Almenas</u>, 143 F.3d 105, 114 (2d Cir. 1998) (conclusory allegations and unsubstantiated speculation cannot defeat summary judgment).  Accordingly, this Court finds that

-6-

Defendants are entitled to summary judgment on Plaintiffs' § 1983 claim.

**2.     Hatch Act Claim**

Plaintiffs withdrew their Hatch Act claim on the record at oral argument.  (See Docket Entry of December 3, 2004.)  That claim is therefore dismissed.

**C.     Defendants' Request for Reasonable Attorney Fees**

Defendants have requested reasonable attorney fees for the defense of both the §1983 and Hatch Act claims.  However, simply being on the losing side is not enough to require a party to pay the other party's attorney fees, even where the winning party, as here, provides services to low-income local residents.  Generally, "[a] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1977) (discussing the award of fees in a Title VII case).

This Court cannot conclude that Plaintiffs' § 1983 claim was frivolous.  Caselaw makes clear that under certain circumstances (supported by evidence of record) private actors can be construed as state actors for purposes of §1983.  Plaintiffs' §1983 claim was not frivolous.  It simply failed for lack of proof.

As to Plaintiffs' Hatch Act claim, however, this Court finds that reasonable attorney fees are in order.  The record demonstrates that Plaintiffs continued to advance their Hatch Act claim long after they were advised that it was non-cognizable.  It is undisputed that on December 10, 2003, the Honorable Leslie G. Foschio, United States Magistrate Judge, advised Plaintiffs' attorney that there is no private cause of action under the Hatch Act and suggested that Plaintiffs withdraw their claim.  (Defendants' Statement, ¶ 5.)  Despite this

admonition, Plaintiffs did not withdraw their claim.[4]  Because Plaintiffs pressed their Hatch

Act claim through discovery and dispositive motions, Defendants had to prepare for and

defend that claim through and including oral argument on December 3, 2004, at which time

it was finally withdrawn.   Therefore, Defendants will be awarded their reasonable fees

attributable to their defense of the Hatch Act claim.  Plaintiffs' counsel, not Plaintiffs, shall

be responsible for payment of these fees.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is

granted and Plaintiffs' counsel is ordered to pay Defendants' reasonable attorney fees

attributable to their defense of the Hatch Act claim.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Summary Judgment (Docket

No. 38) is GRANTED.

FURTHER, that Plaintiffs' counsel is ordered to pay Defendants' reasonable

attorney fees attributable to their defense of the Hatch Act claim.

FURTHER, that Defendants shall file and serve an accounting of their reasonable

attorney fees on or before Friday, October 14, 2005.[5]

FURTHER, that Plaintiffs shall file and serve a response to Defendants' fee

accounting on or before Friday, October 28, 2005.

---

[4]This Court notes that Plaintiffs were further put on notice that their Hatch Act claim was faulty in March of 2004, when William E. Reukauf, Associate Special Counsel for the U.S. Office of Special Counsel, determined that no violation of that Hatch Act had occurred.  (Defendants' Statement, ¶ 4; Sellers Decl., Exhibit A.)

[5]Defendants are advised that this fee award requires them to separate fees incurred from defense of the §1983 claim from fees incurred from defense of the Hatch Act claim.

FURTHER, that Defendants' accounting shall be taken under advisement upon receipt of Plaintiffs' response.

SO ORDERED.

Dated:   September 29, 2005
            Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge