UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARON BROWN, SUSAN HUNTER-COLE,
PAULETTE FIELDS, JAMES MADDOX and
DONNA MATHIS,

                        Plaintiffs,
    v.                                          **DECISION AND ORDER**
                                                        03-CV-295S

THE COMMUNITY ACTION ORGANIZATION, INC.,
THE BOARD OF DIRECTORS OF THE COMMUNITY
ACTION ORGANIZATION, INC., MAURICE GARDNER,
*as a Board Member*, NETTIE ANDERSON,
*as Acting Chief Executive Officer*,
ELLEN O'CALLAGHAN-SHELDON,
*as Head Start Administrator*,

                                   Defendants.

        1.        On September 29, 2005, this Court filed a Decision and Order granting Defendants' Motion for Summary Judgment and awarding Defendants their reasonable attorney fees attributable to their defense of Plaintiffs' Hatch Act claim. (Docket No. 49.) At this Court's direction, Defendants' filed an accounting of their fees, including detailed billing statements. Plaintiffs' counsel filed an Affirmation in opposition to Defendants' fee request, and Defendants filed a Reply Declaration. This Court has fully considered these submissions. For the following reasons, judgment in favor of Defendants against Plaintiffs' counsel in the amount of $5,833.20 will be awarded.

        2.        Attached as Exhibit A to the Sellers Declaration is a copy of the complete invoice billed to Defendants for legal representation in this matter in the amount of $28,793.50. (Docket No. 50.) From this invoice, Defendants assert that $14,149.50 is attributable to their defense of the Hatch Act claim. This figure is calculated as follows. Time entries that are attributable solely to the Hatch Act claim are counted in their entirety.

Time entries that are attributable solely to the § 1983 claim are not counted at all. Time entries that are not clearly attributable to the Hatch Act claim are counted at a rate of 50% on the theory that Plaintiffs raised two claims that had to be defended equally.

3. This Court is not persuaded that Defendants' calculation of their fees is reasonable. Of the time entries noted in Exhibit A, only one entry, in the amount of $289, is attributable solely to the Hatch Act claim.[1] This amount will be awarded in its entirety. The balance of the fee request, $13,860.50, is calculated on Defendants' 50% theory. However, Defendants were equally on notice that Plaintiffs' Hatch Act claim was legally deficient and this Court finds it difficult to conclude that Defendants' counsel spent 50% of their time defending the Hatch Act claim. While this Court understands that separating time entries among claims is a difficult task, a 50% calculation in this case is excessive. In this Court's view, 20% is a reasonable allocation given the nature and circumstances of this particular case.

4. Accordingly, this Court will direct the Clerk to enter Judgment in Defendants' favor against Plaintiffs' counsel in a total amount of $5,833.20. This represents $289 in fees attributable solely to defense of the Hatch Act claim, and $5,544.20 in fees allocated to defense of the Hatch Act claim.

IT HEREBY IS ORDERED, that the Clerk of the Court shall enter a total judgment in Defendants' favor against Plaintiffs' counsel in the amount of $5,833.20.

---

[1] This is for work done on July 30, 2004.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  April 21, 2006
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge